Barbara MATTIAS, Plaintiff,

v.

COMPUTER SCIENCES CORPORA-TION, Continental Casualty Company, and the CNA Insurance Companies, Defendants.

C.A. No. 97–666L.

United States District Court,
D. Rhode Island.

May 21, 1999.

Robert V. Chisholm, Chisholm & Chisholm, Providence, RI, for plaintiffs.

Jean M. Kelley, Boston, MA, Stephen P. Harten, Morrison, Mahoney & Miller, Providence, RI, for defendants.

## DECISION AND ORDER

LAGUEUX, Chief Judge.

Barbara Mattias ("plaintiff") suffered a back injury while she worked for Computer Sciences Corporation. Later she sued her employer, Continental Casualty Company and the CNA Insurance Companies (collectively "defendants") for long term disability payments that she believes she should receive under Computer Sciences Corporation's ERISA plan. The parties disagreed on whether she is qualified to receive "partial disability" benefits in the future. The issue was whether the dispute is controlled by the "summary plan document" given to employees (the "CSC Summary") or the full "plan document" written by defendants (the "CSC Plan").[1]

---

1. The crux of this dispute is that, unlike most contracts in which a single writing controls the agreement, an ERISA plan has two documents. Congress requires that an employer create both a detailed explanation of the ERISA plan ("the plan document") and a summary for employees to read (the "summary plan document" or "SPD"). *See* 29

When the parties made cross-motions for summary judgment, this Court ruled that:

> conflict can exist where an SPD uses a term having a common meaning and the Plan Documents then define it more restrictively. Conflict does not exist automatically. It will exist only where the common meaning of the term conflicts with the definition in the Plan Documents.

*Mattias v. Computer Sciences Corp.*, 34 F.Supp.2d 120, 127 (D.R.I.1999) [*hereinafter Mattias I*].

In *Mattias I*, this Court found a conflict between the CSC Summary and CSC Plan as to the meaning of "partial disability." This Court granted plaintiff's motion for summary judgment as to liability, and it held a bench trial on April 1, 1999. At that trial, it heard evidence and legal argument on the issue of the amount of partial disability benefits Mattias was entitled to receive.

In both their pre-trial memo and closing argument, defendants contended that plaintiff had not relied on the wording of the CSC Summary when she decided not to return to her job, and therefore, she should not receive any benefits. Although they had not made this argument at the summary judgment stage, they pointed to First Circuit precedent that requires an employee to show reliance or a possibility of prejudice. *See Bachelder v. Communications Satellite Corp.*, 837 F.2d 519, 522–23 (1st Cir.1988).

Although in *Mattias I* this Court granted summary judgment for plaintiff on the issue of liability, First Circuit decisions are still controlling at this stage of the proceedings. Plaintiff proved no reliance on the CSC Summary. She did not incur detriment as a result of the conflict between the CSC Summary and the CSC

Plan. Therefore, judgment must be entered for defendants.

### I. *Facts*

Plaintiff worked for Computer Sciences Corporation operating computers. She often was on her feet seven hours a day. She worked in a room filled with terminals, tape machines and other components, and one of her jobs was to keep the printers stocked with paper.

The boxes of paper weighed 35 to 50 pounds each, and she generally lifted two or three boxes a day, more frequently on especially busy days. She had to take the paper off large piles, carry it to the printer and then lift it several inches from the floor onto a shelf.

In January 1995, plaintiff began to experience pain in her right groin. Before the cause was diagnosed, she suffered an excruciating incident in which she felt the sensation of an elastic band snapping in her right leg. She had pain in her lower back, radiating down her right leg to the shin bone, and she could not get back to bed without assistance from her husband. Doctors peered into her body with X-rays and other scans. Plaintiff's physician, Dr. Philo F. Willetts, Jr., testified at trial that she suffers a permanent partial disability. She never returned to work. Over time, she exhausted her sick leave and temporary disability insurance.

In April 1995, plaintiff offered to return to work with restrictions, but her supervisor refused to place her on "light duty." Plaintiff did not offer to return to her old job as she had performed it before the injury—either on a full- or part-time basis. From July 1995 to July 1997, plaintiff received long-term disability payments under CSC's ERISA plan. She looked for work in 1996, but she said that sending out 20–25 resumes did not get her a job. She stopped looking after six months.

U.S.C. § 1022(a); *Mattias v. Computer Sciences Corp.*, 34 F.Supp.2d 120, 124–25 (D.R.I. 1999).

Plaintiff testified on cross-examination that after her injury, she never thought that she could return to her old job. She had testified on direct about the strenuous physical demands, including lifting, walking and stretching and about the debilitating pain that has constantly plagued her since the injury. Dr. Willetts testified, and had written earlier, that plaintiff could work at light or sedentary jobs, but stated that she cannot work eight hours a day. Plaintiff said that she cannot be a dependable employee, in part because her medications make it hard to concentrate and hard to get up in the morning. She is often stiff across her back, shoulders and neck. Some of this stiffness may be the result of a car accident that occurred after the injury at issue in this case.

## II. *Analysis*

A plaintiff cannot recover on the basis of a conflict between an SPD and a Plan Document unless he or she proves significant reliance on the SPD or the possibility of prejudice flowing from the SPD. *See Bachelder*, 837 F.2d at 522–23. Recovery based on an SPD's language requires this reasonable or significant reliance. *See id.*

Defendants' counsel certainly would have made a better showing by citing to this reliance doctrine when the cross motions for summary judgment were under consideration. However, flawed advocacy does not relieve this Court of the responsibility of applying the correct law. Defendants are raising a legal, not factual issue, and they did not wait until after judgment was entered. The *Bachelder* language is crystal clear, and that precedent binds this Court, even though no other case within the First Circuit can be found that cites to or relies on this doctrine.

The conflict between the CSC Summary and CSC Plan centered on whether an employee had to return to her job on a part-time basis to qualify for partial disability payments. *See Mattias I*, 34 F.Supp.2d at 122 (quoting language). The CSC Summary merely stated that an em-

ployee would be paid if she was partially disabled, and the CSC Plan provided that "partial disability" payments would only be made when an employee went back to work at her former position at less than full-time. *See id.* at 127–28 (analyzing conflict).

Plaintiff decided not to return to work, but she did not rely on the language of the CSC Summary when she made that decision. She testified that she was never physically able to return to her old position. If she was unable to do the job, then she certainly did not decide against returning part-time in reliance on the CSC Summary. She would not have returned part-time if she knew the CSC Plan existed, so she did not suffer as a result of the conflict.

Therefore, plaintiff cannot recover as a matter of law.

## CONCLUSION

Plaintiff cannot recover under ERISA because she has not proven reliance or prejudice based on the CSC Summary. The Clerk shall enter judgment for defendant.

It is so Ordered.